# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| USAC Aerospace Group Inc. dba USAC | ) ASBCA No. 59114 |
|   Aerospace Group: Aerostructures | ) |
| | ) |
| Under Contract No. SPM4A6-10-D-0188 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Michael Sammon
                                        President

APPEARANCES FOR THE GOVERNMENT:   Daniel K. Poling, Esq.
                                        DLA Chief Trial Attorney
                                        Jason D. Morgan, Esq.
                                        Edward R. Murray, Esq.
                                        Trial Attorneys
                                        DLA Aviation
                                        Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE PAGE
## ON THE GOVERNMENT'S SECOND MOTION TO DISMISS
## AND THE BOARD'S ORDER FOR SUPPLEMENTAL BRIEFING

The Defense Logistics Agency, Aviation Supply Chain (DLA or the government) moves for the second time to dismiss ASBCA No. 59114 for lack of jurisdiction (gov't 2nd mot.). It reasons that this appeal, which arose from Delivery Order No. 0001 (DO 1), cannot be maintained following the Board's dismissal of ASBCA No. 59115 as untimely.[1] The latter appeal concerned the termination for default of Contract No. SPM4A6-10-D-0188 between DLA and USAC Aerospace Group: Aeronautical Flight Center (USAC, appellant or the contractor). This is the contract under which DO 1 was issued.

In accordance with Board Rule 7 Motions, ¶ 7(b) Jurisdictional Motions, the Board on 5 May 2015 ordered the parties to address the continued corporate capacity

---

[1] On 4 December 2014, the Board denied the government's first motion to dismiss (gov't 1st mot.) ASBCA No. 59114 for untimeliness, and granted that motion in regard to the remaining appeals that were also the subject of that motion. *See USAC Aerospace Group Inc. dba USAC Aerospace Group: Aerostructures,* ASBCA No. 59114 *et al.,* 15-1 BCA ¶ 35,834; familiarity with that decision is presumed.

of USAC, and its representative, to bring and prosecute this appeal under Board Rule 15 Representation.[2]

## STATEMENT OF FACTS FOR PURPOSES OF THE GOVERNMENT'S SECOND MOTION TO DISMISS

*The Contract and Termination for Default*

On 3 May 2010, DLA awarded indefinite-delivery/indefinite-quantity (IDIQ) Contract No. SPM4A6-10-D-0188 to USAC (R4, tab 1). The name and address of the company are listed in the contract as USAC Aerospace Group, Aeronautical Flight Center: Hangar, Murrieta CA 92563-2573 and the contractor's CAGE (Commercial and Government Entity) code is given as 5RUB5 (*id*. at 1).[3]

Although USAC represented itself as a corporation in entering into the contract (R4, tab 1 at 1), the record does not reflect that USAC ever notified the government that it had forfeited this status. Nor does the record indicate that USAC sought a novation for government approval to assume the contract in a non-corporate capacity.

The IDIQ contract, which had a base and four optional years, called for the contractor to provide holdback latches. The contract called for the government to order a minimum of 163 and a maximum of 1,301 latches at the price of $44.50 each. The contractor was required to conduct a first article test (FAT) and submit a FAT report in 90 days. (R4, tab 1)

---

[2] The Board's inquiry in ASBCA No. 59114 was prompted by documents provided in support of the government's motion to dismiss in ASBCA No. 59186 (gov't mot. in No. 59186) for want of USAC's corporate capacity. Although ASBCA No. 59114 arises under a separate contract, both contracts were between DLA and USAC and overlapped in time. The government's motion in No. 59186 raised jurisdictional questions in No. 59114. Appellant was notified on 23 February 2017 that unless it provided timely and credible rebuttal, the Board would consider relevant portions of the record from No. 59186 in the instant appeal. Appellant did not respond to this order; accordingly, we consider the record from ASBCA No. 59186 in evaluating our jurisdiction over ASBCA No. 59114.

[3] We note that USAC used different CAGE codes in the contracts underlying Nos. 59114 and 59186. From appellant's correspondence, we understand these to be two different divisions under the same corporate aegis. As appellant did not distinguish between these as separate entities, we treat "USAC" as a single business for purposes of this decision.

2

Also on 3 May 2010, DLA issued DO 1 under the contract for a total of 1,082 latches at $44.50 each (R4, tab 6). Prior to terminating the contract for default, DLA issued several unilateral modifications pertaining to DO 1 (R4, tabs 7-10). On 10 May 2010, contract Modification No. 000101 "incorporate[d] the First Article Test information" (R4, tab 7). On 10 December 2010, contract Modification No. 000102 identified an alternate material and revised the delivery schedule (R4, tab 8). Contract Modification No. 000103 dated 20 January 2011 revised the delivery schedule and set a schedule for first article testing, with the FAT and report due 18 April 2011 (R4, tab 9). A modification of 12 April 2013 extended the delivery dates for CLINs 0001-0003 (R4, tab 10).

On 30 July 2013, the contracting officer (CO) issued a "SHOW CAUSE NOTICE" to the contractor, advising that "the Government is considering terminating your contract for default." DLA advised that USAC had "neither delivered the required supplies nor [had it] requested a new delivery date." The contractor was given "10 days after your receipt of this notice" to respond. (R4, tab 30)

USAC replied to the Show Cause Notice on 2 August 2013. It attributed performance deficiencies to its supplier Robinson Manufacturing for providing a nonconforming casting. USAC asked for an additional payment of $1,500 and an extension of 60-90 days to correct the failure. (R4, tab 31)

The CO on 19 September 2013 notified USAC that the instant contract was terminated for default (R4, tab 33). The CO on 20 September 2013 issued contract Modification No. P00101, a separate notice of termination for default of CLINs 0001 and 0002 (DO 1). The address listed for USAC in this modification was "1174 East Edna Plc, Covina CA 91724-2507 USA." (R4, tab 5)

*USAC's Appeal in ASBCA No. 59114 of the Government's Termination for Default of DO 1*

On 3 January 2014, the ASBCA received USAC's appeal from the CO's decision to terminate the contract for default. Attached to that notice was a copy of the CO's separately issued contract modification that terminated DO 1. The Board docketed this appeal as ASBCA No. 59114.

USAC's correspondence of 3 March 2014 was signed by Michael Sammon as "President/Director of Operations." This letter confirmed that he was the "Company Official qualified" under Board Rule 26.[4] Appellant said that it would advise the Board if it retained legal representation, but has not done so.

---

[4] This rule has been renumbered as Board Rule 15 Representation.

*The Government's Second Motion to Dismiss in ASBCA No. 59114 and Appellant's Opposition to the Motion*

The government on 4 February 2015 filed its second motion to dismiss in ASBCA No. 59114. It noted that the Board's ruling of 4 December 2014 dismissed as untimely ASBCA No. 59115, which arose from USAC's challenge to termination of the underlying contract. The government reasoned that "DLA terminated for default all of the delivery orders – including Delivery Order 0001, the subject of [ASBCA No. 59114] – when it terminated for default USAC's IDIQ contract." (Gov't 2nd mot. at 7)

The Board on 23 February 2015 ordered appellant to submit its opposition to the government's second motion to dismiss by 10 April 2015. The order allowed the government the option of replying by 11 May 2015, and gave appellant the opportunity to submit a final response by 11 June 2015.

USAC characterized its 10 April 2015 submission as its "opposition to the government's [second motion to] dismiss." The contractor's correspondence did not address the consequences of the Board's dismissal of ASBCA No. 59115.

*The Board's Order for Supplemental Briefing*

In considering the government's second motion to dismiss, the Board's review of the overall record raised other concerns. This included unrebutted information submitted as part of a government motion in ASBCA No. 59186. Documentation provided by the government from the California and Nevada secretaries of state brought into question the corporate viability of USAC, and to Mr. Sammon's representative capacity, at all times relevant to making and sustaining both ASBCA Nos. 59114 and 59186.

As provided in Board Rule 7 Motions, ¶ (b) Jurisdictional Motions, the ASBCA on 5 May 2015 issued *sua sponte* an Order for Supplemental Briefing on the issues of USAC's continued corporate capacity and Mr. Sammon's compliance with Board Rule 15 Representation. The parties were ordered to address "whether (1) USAC possessed sufficient corporate capacity, and (2) Michael Sammon's adequate legal authority, to bring and prosecute this appeal." The order directed the parties' attention to its decision in "*Easterbrook/Ramco*, ASBCA No. 42176 [*et al.*], 94-2 BCA ¶ 26,658 and [to] Nevada Revised Statutes (NRS) § 78.175 DEFAULTING CORPORATIONS: DUTIES OF SECRETARY OF STATE; REVOCATION OF CHARTER AND FORFEITURE OF RIGHT TO TRANSACT BUSINESS; DISTRIBUTION OF ASSET[S], including NRS 78.175(2)."

The parties were told to "exchange with one another, and submit to the Board, a supplemental brief pertaining to the Board's jurisdiction over [ASBCA No. 59114] that addresses the questions framed" in the order. This order cautioned USAC that its

4

failure to provide responsive answers to the questions posed therein would result in the Board's drawing an adverse inference regarding the requisite status of each and the serious consequences thereof:

> If it is USAC's position that both USAC and Michael Sammon were duly authorized to bring and prosecute this appeal, it is required to furnish proof for these contentions. Failure to do so in either instance will result in the Board's drawing adverse inferences and dismissal of this appeal for want of jurisdiction.

USAC's letter of 11 June 2015 did not address the Board's inquiry; rather, it further asserted the merits of its appeal.

## DECISION

Despite repeated opportunities, USAC failed to provide any evidence that Mr. Sammon was an authorized representative as required by Board Rule 15. Having warned USAC of the consequences of failing to furnish credible evidence, the Board draws the following adverse inference. We find that USAC purportedly entered into the subject contract as a corporation but failed to furnish proof that Michael Sammon is a qualified corporate representative, to bring and maintain this appeal. This conclusion is based upon appellant's failure to rebut evidence submitted in ASBCA Nos. 59114 and 59186. USAC failed to comport, as it must, with Board Rule 15 Representation. *See, e.g., Smart Construction & Engineering Co.*, ASBCA No. 59354, 15-1 BCA ¶ 36,018.

It is unnecessary that we consider the government's second motion to dismiss.

## CONCLUSION

Since the Board is unable to proceed without a proper representative, ASBCA No. 59114 is dismissed without prejudice.

Dated: 26 April 2017

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur                                    I concur


_____               _____
MARK N. STEMPLER                        RICHARD SHACKLEFORD
Administrative Judge                    Administrative Judge
Acting Chairman                         Vice Chairman
Armed Services Board                    Armed Services Board
of Contract Appeals                     of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59114, Appeal of USAC Aerospace Group Inc. dba USAC Aerospace Group: Aerostructures, rendered in conformance with the Board's Charter.

Dated:


_____
JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals